In the Matter of the Application of FIRST NATIONAL BANK AND TRUST COMPANY OF CAMDEN to Perpetuate the Testimony of DAVID M. ALLISON and Another as Witnesses to the Competency of RUTH D. STONE, Presently an Incompetent, at the Time of Executing an Instrument Purporting to Be the Will of Said Incompetent.

Surrogate's Court, Oneida County, January 5, 1950.

*William D. Kiley* for Dorothy C. Gill.

*Ferris, Burgess, Hughes & Dorrance* for First National Bank and Trust Company of Camden.

*Donald E. Carr,* individually.

JONES, S. This matter was brought on by an order of this court, requiring the First National Bank and Trust Company of Camden to show cause why this court should not modify a notice provided for in a previous order of this court, dated August 24, 1949, so that such notice should include the committee of the person and property of Ruth D. Stone, an incompetent person, as a proper party.

The notice was one given pursuant to section 295 of the Civil Practice Act and the original order of August 24, 1949, was sought under that section, in order to take and perpetuate the testimony of witnesses. Section 295 of the Civil Practice Act provides for the taking of testimony that is material to an expected party in " an action about to be brought in a court of record ". The action here contemplated is the one expected to arise upon the offering for probate of an instrument purporting to be the last will and testament of Ruth D. Stone, the incompetent. It is obvious that no such action can be brought or commenced until the death of Ruth D. Stone and it is likewise obvious that upon the death of Ruth D. Stone, the committee of her person and property will cease to function. Under no stretch of the imagination could the committee of the person and property of Ruth D. Stone ever be a party to the contest of her will and would therefore have no interest in the perpetua-

tion of testimony to be used in such an event. The motion for the modification of the notice to include the committee is therefore denied.

The application for the order to show cause further provided that leave would thereafter be sought to move to vacate such notice. On its own motion, the court has considered this and has reached the opinion that the original order of this court, pursuant to section 295 of the Civil Practice Act, dated August 24, 1949, should be vacated and the notice given pursuant to that order should be vacated. The Surrogate's Court is limited in its jurisdiction to the administration of decedents' estates. (*Roderigas* v. *East Riv. Sav. Inst.*, 76 N. Y. 316, 321.) There is at the present time no cause of action existing which in my opinion would justify the belief that an action is about to be brought in this court. While death is a matter of certainty, its time is so speculative that a will contest, anticipated on the death of a living person, cannot be deemed to be " an action about to be brought ". To hold otherwise would mean further speculation that there is no later will in existence, that the incompetent will never regain competency and draw a new will, or change her place of residence.

An order may be submitted, vacating the order of this court dated August 24, 1949, and denying the motion to include the committee of Ruth D. Stone as a proper party to be served with a notice.